Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
333 Bloomfield Ave., Suite 202
Caldwell, NJ 07006
Telephone: (201) 746-0303
Fax: (866) 417-2333

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CINDY CONAHAN,

                Plaintiff,                COMPLAINT

          -against-                _____-cv-_____ (___)

MEDQUEST, LTD., LESLIE INZUNZA, and    DEMAND FOR JURY TRIAL
ELLIOT STONE

                Defendant.
---------------------------------------------------------x

      Plaintiff, CINDY CONAHAN, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant medQuest, LTD ("medQuest"), Leslie Inzunza ("Inzunza"), and Elliot Stone ("Stone") and alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this lawsuit seeking recovery against Defendant for violations of the New York State Human Rights Law, Executive Law § 296, *et seq*. ("NYSHRL"); and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. ("NYCHRL"), including the anti-retaliation provisions of those statutes.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), as diversity is present and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Defendant conducts business in the District and the acts and/or omissions giving rise to the claims herein alleges took place in this District.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## THE PARTIES

**Defendants**

5. All actions and omissions described in this Complaint were made by Defendants directly and/or through Defendants' supervisory employees and agents.

6. Defendants' actions and omissions described in this complaint and causing injury to Plaintiff were done knowingly and willfully.

**Defendant medQuest LTD**

7. Defendant medQuest is a medical legal consulting company with offices in the State of New York and in the Southern District of New York.

8. Defendant medQuest maintains executive offices at 345 Seventh Avenue in New York County.

9. At all times relevant to this Complaint, Defendant medQuest was and is an employer as that term is defined by NYSHRL § 292(5).

10. At all times relevant to this Complaint, Defendant medQuest was and is an employer as that term is defined by NYCHRL § 8-102(5).

**Defendant Leslie Inzunza**

11. Defendant Inzunza is an executive of Defendant medQuest.

12. At all times relevant to this Complaint, Defendant Inzunza was and is a resident and citizen of New York.

13. At all times relevant to this Complaint, Defendant Inzunza was and is an employer as that term is defined by NYSHRL § 292(5).

14. At all times relevant to this Complaint, Defendant Inzunza was and is an employer as that term is defined by NYCHRL § 8-102(5).

**Defendant Elliot Stone**

15. Defendant is the owner and an executive of Defendant medQuest.

16. At all times relevant to this Complaint, Defendant Stone was and is a resident and citizen of New York.

17. At all times relevant to this Complaint, Defendant Stone was and is an employer as that term is defined by NYSHRL § 292(5).

18. At all times relevant to this Complaint, Defendant Stone was and is an employer as that term is defined by NYCHRL § 8-102(5).

**Plaintiff**

19. Plaintiff is an adult female who is a resident and citizen of New Jersey.

20. Plaintiff is 65 years old.

21. At all times relevant to this Complaint, Plaintiff was a member of a protected class as that term is defined by the NYSHRL.

22. At all times relevant to this Complaint, Plaintiff was a member of a protected class that term is defined by the NYCHRL.

## FACTS

23. Defendants employed Plaintiff form January 1991 until August 2019.

24. Defendants employed Plaintiff as the Director of Operations.

25. Through her employment with Defendants, Plaintiff met or exceeded all reasonable business expectations of a Director of Operations within Defendants' workforce.

26. Through her employment with Defendants, Plaintiff was never subjected to discipline and never received a negative performance evaluation.

27. While employed by Defendants, Plaintiff was awarded numerous raises in her pay.

**Age and Gender Discrimination, and Retaliation**

28. Defendants discriminated against Plaintiff because of her age.

29. Defendant discriminated against Plaintiff because of her gender.

30. On August 1, 2019, Inzunza, who is approximately twenty years younger than Plaintiff, berated and verbally abused Plaintiff at the office.

31. Inzunza explicitly referenced Plaintiff's age when she questioned Plaintiff's ability to continue to work full time for medQuest.

32. Inzunza also told Plaintiff that Stone had a "reptilian mind" and that Insunza was standing in for Stone's mind and memory.

33. Leaving no doubt that she was motivated by discriminatory animus, Inzunza also accused Plaintiff of "slurring" her words and of being "a drug addict".

34. Immediately after being subjected to the above discriminatory conduct, Plaintiff reported Inzunza's discriminatory conduct to Stone.

35. In retaliation for complaining about Inzunza's conduct, Defendants terminated Plaintiff just one week after Plaintiff had complained to Stone.

36. Defendants advised Plaintiff that the purported reason for her termination was that there was rift between Plaintiff and Inzunza.

37. Defendants replaced Plaintiff with an employee is over ten years younger than Plaintiff.

38. Defendants also treated Plaintiff less well than other employees because of her gender.

39. For example, Defendants have allowed a director of medQuest -- who is a male -- remain employed despite the fact that this male employee has a personal, separate, and independent business that he works on while he purportedly is on the clock for medQuest.

40. In another act of retaliation, Defendants have threatened to sue Plaintiff if she pursues her claims.

**FIRST CLAIM FOR RELIEF**
**(Age and Gender Discrimination in Violation of the NYSHRL)**

41. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

42. At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by NYSHRL § 292(5).

43. Plaintiff belongs groups protected by NYSHRL § 296 *et seq*.

44. Plaintiff has been discriminated against by Defendants on the basis of her age and gender in violation of NYSHRL § 296 *et seq*.

45. Defendants Inzunza and Stone aided and abetted the age and gender discrimination against Plaintiff.

46. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental anguish and suffering, physical consequences of the severe emotional distress and damage to her professional reputation.

**SECOND CLAIM FOR RELIEF**
**(Age and Gender Discrimination in Violation of the NYCHRL)**

47. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

48. At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by NYCHRL § 8-102(5).

49. Plaintiff belongs to groups protected by NYCHRL.

50. Plaintiff has been discriminated against by Defendants on the basis of her gender and age in violation of NYCHRL.

51. Defendants Inzunza and Stone aided and abetted the age and gender discrimination against Plaintiff.

52. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental anguish and suffering, physical consequences of the severe emotional distress and damage to her professional reputation.

## THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of the NYSHRL)

53. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

54. The NYSHRL, specifically NYSHRL § 296(e), makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

55. During her employment with Defendants, Plaintiff was subject to discrimination based on her age and gender.

56. Plaintiff complained about said discrimination to Defendants.

57. Defendants retaliated against Plaintiff for making complaints about discrimination by subjecting Plaintiff to adverse employment actions, including summarily terminating Plaintiff's employment.

58. As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

59. Plaintiff also requests damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## FOURTH CLAIM FOR RELIEF
### (Retaliation in Violation OF NYCHRL, N.Y.C. ADMIN. CODE § 8-101, *et seq*.)

60. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

61. NYCHRL, specifically N.Y.C. Admin. Code § 8-107(7), makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

62. Plaintiff engaged in the protected activities of complaining about unlawful discrimination.

63. Defendants subjected Plaintiff to adverse employment actions, including terminating Plaintiff's employment.

64. A causal link exists between the protected activity and the adverse employment actions as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such activities and complaints.

65. Defendants retaliated against Plaintiff for her complaints in violation of the anti-retaliation provision of NYCHRL.

66. As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

67. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights protected by NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on all Claims for Relief:

A. Damages in an amount to be determined at trial

B. All compensatory and economic damages;

C. All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show himself justly entitled;

D. All punitive and statutory damages authorized by law;

E. Pre-judgment and post-judgment interest; and

F. Such further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated:  2-14-2020                    Respectfully submitted,

                                                      KRAKOWER DICHIARA LLC

                                                      By: *Michael R. DiChiara*
                                                          Michael R. DiChiara (MD-2180)

KRAKOWER DICHIARA, LLC
Attorneys for Plaintiff
100 Church Street, 8th Floor
New York, New York 10007

333 Bloomfield Avenue, Suite 202
Caldwell, NJ 07006
 (201) 746-0303

*Attorneys for Plaintiff*