UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CINDY CONAHAN,

                      Plaintiff,

  -against-

MEDQUEST, LTD., LESLIE INZUNZA, and
ELLIOT STONE

                      Defendants.
-----------------------------------------------------------X
MEDQUEST, LTD., LESLIE INZUNZA, and
ELLIOT STONE,

                      Counterclaim – Plaintiffs,

  -against-

CINDY CONAHAN,

                      Counterclaim – Defendant.
-----------------------------------------------------------X

20-cv-01325 (LJL)

**ANSWER FOR DEFENDANTS AND COUNTERLAIMS**

Defendants, MEDQUEST, LTD.,( the "Company") LESLIE INZUNZA, and ELLIOT STONE ("Defendants"), by its attorneys EGAN LAW FIRM for their answer to the Complaint of plaintiff Cindy Conahan, hereby alleges as follows:

1. This paragraph contains Plaintiff's Preliminary Statement to which no response is required.

2. Deny each and every allegation set forth in paragraph designated "2" of the Complaint.

3. Deny each and every allegation set forth in paragraph designated "3" of the Complaint except admit that Defendant MedQuest, Ltd. is located within the jurisdiction of the Southern District of New York.

4. Deny each and every allegation set forth in paragraph designated "4" of the Complaint.

5. Deny each and every allegation set forth in paragraph designated "5" of the Complaint.

6. Deny each and every allegation set forth in paragraph designated "6" of the Complaint.

7. Deny each and every allegation set forth in paragraph designated "7" of the Complaint except admit that Defendant MedQuest, Ltd is located in the City of New York.

8. Admit each and every allegation set forth in paragraph designated "8" of the Complaint.

9. This paragraph states a legal conclusion to which no response is required.

10. This paragraph states a legal conclusion to which no response is required.

11. Deny that at any relevant time defendant Inzunza was either an employee or an executive of defendant Medquest as set forth in paragraph designated "11" of the Complaint.

12. Admit each and every allegation set forth in paragraph designated "12" of the Complaint.

13. This paragraph states a legal conclusion to which no response is required.

14. This paragraph states a legal conclusion to which no response is required.

15. Admit each and every allegation set forth in paragraph designated "15" of the Complaint.

16. Admit each and every allegation set forth in paragraph designated "16" of the Complaint.

17. This paragraph states a legal conclusion to which no response is required.

18. This paragraph states a legal conclusion to which no response is required.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "19" of the Complaint except admit that Plaintiff is female.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "20" of the Complaint.

21. This paragraph states a legal conclusion to which no response is required.

22. This paragraph states a legal conclusion to which no response is required.

23. Admit each and every allegation set forth in paragraph designated "23" of the Complaint.

24. Deny each and every allegation set forth in paragraph designated "24" of the Complaint, except admit that during her employment, she served as MedQuest's Director of Operations.

25. Deny each and every allegation set forth in paragraph designated "25" of the Complaint and expressly aver that plaintiff had been previously reprimanded by defendant Stone for her verbally abusive and physically threatening conduct with staff

and warned that it needed to cease or she would be terminated. In addition, plaintiff was reprimanded for insubordination, failure to perform the responsibilities of her job and willful interference with MedQuest's efforts to update system technology.

26. Deny each and every allegation set forth in paragraph designated "26" of the Complaint and refer to the averments in paragraph "25" of this Answer.

27. Deny each and every allegation set forth in paragraph designated "27" of the Complaint, except admit that during her employment Plaintiff's pay was increased from time to time.

28. Deny each and every allegation set forth in paragraph designated "28" of the Complaint.

29. Deny each and every allegation set forth in paragraph designated "29" of the Complaint.

30. Deny each and every allegation set forth in paragraph designated "30" of the Complaint.

31. Deny each and every allegation set forth in paragraph designated "31" of the Complaint.

32. Deny each and every allegation set forth in paragraph designated "32" of the Complaint.

33. Deny each and every allegation set forth in paragraph designated "33" of the Complaint.

34. Deny each and every allegation set forth in paragraph designated "34" of the Complaint.

35. Deny each and every allegation set forth in paragraph designated "35" of the Complaint.

36. Deny each and every allegation set forth in paragraph designated "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph designated "37" except admit that the person who replaced Conahan was a member of a protected class.

38. Deny each and every allegation set forth in paragraph designated "38" of the Complaint.

39. Deny each and every allegation set forth in paragraph designated "39" of the Complaint.

40. Deny each and every allegation set forth in paragraph designated "40" of the Complaint.

### FIRST CLAIM FOR RELIEF

41. Repeats and re-alleges the responses to each of the foregoing paragraphs as though fully set forth herein.

42. This paragraph states a legal conclusion to which no response is required.

43. This paragraph states a legal conclusion to which no response is required.

44. Deny each and every allegation set forth in paragraph designated "44" of the Complaint.

45. Deny each and every allegation set forth in paragraph designated "45" of the Complaint.

46. Deny each and every allegation set forth in paragraph designated "46" of the Complaint.

## SECOND CLAIM FOR RELIEF

47. Repeats and re-alleges the responses to each of the foregoing paragraphs as though fully set forth herein.

48. This paragraph states a legal conclusion to which no response is required.

49. This paragraph states a legal conclusion to which no response is required.

50. Deny each and every allegation set forth in paragraph designated "50" of the Complaint.

51. Deny each and every allegation set forth in paragraph designated "51" of the Complaint.

52. Deny each and every allegation set forth in paragraph designated "52" of the Complaint.

## THIRD CLAIM FOR RELIEF

53. Repeats and re-alleges the responses to each of the foregoing paragraphs as though fully set forth herein.

54. This paragraph is a statement of law to which no response is required.

55. Deny each and every allegation set forth in paragraph designated "55" of the Complaint.

56. Deny each and every allegation set forth in paragraph designated "56" of the Complaint.

57. Deny each and every allegation set forth in paragraph designated "57" of the Complaint.

58. Deny each and every allegation set forth in paragraph designated "58" of the Complaint.

59. Deny each and every allegation set forth in paragraph designated "59" of the Complaint.

### FOURTH CLAIM FOR RELIEF

60. Repeats and re-alleges the responses to each of the foregoing paragraphs as though fully set forth herein.

61. This paragraph is a statement of law to which no response is required.

62. Deny each and every allegation set forth in paragraph designated "62" of the Complaint.

63. Deny each and every allegation set forth in paragraph designated "63" of the Complaint, except admit that Defendant MedQuest terminated Plaintiff's employment.

64. Deny each and every allegation set forth in paragraph designated "64" of the Complaint.

65. Deny each and every allegation set forth in paragraph designated "65" of the Complaint.

66. Deny each and every allegation set forth in paragraph designated "66" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. Plaintiff has failed to state a claim against defendant Inzunza because she was not an employee of defendant MedQuest at any time during Plaintiff's employment with defendant MedQuest.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. Plaintiff failed to exhaust her administrative remedies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. The termination of Plaintiff's employment was proper in that plaintiff was an at will employee and could be terminated at any time for any reason or no reason.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

71. The termination of plaintiff's employment was proper in that there was no illegal discriminatory basis for such termination.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. MedQuest did not at any time retaliate against plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff has failed to mitigate her damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. The supervisor who terminated Plaintiff's employment was in the same protected class of persons over 40 years of age as Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75. The supervisor who hired plaintiff is the same person who terminated her employment.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76. Defendant's conduct in general and its decisions with respect to plaintiff were made for legitimate business reasons.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred in whole or in part because the actions taken by Defendants were not willful.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

78.  Defendants acted at all times in good faith.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

79.  Plaintiff's damages are limited by evidence acquired after the termination of her employment of misconduct during her employment of sufficient severity to justify the termination of her employment.

### AS AND FOR COUNTERCLAIMS OF MEDQUEST AGAINST PLAINTIFF CONAHAN

80.  At the time of the termination of her employment from MedQuest, Conahan was serving as the office manager. As office manager, she was the person after defendant Stone in charge of company operations.

81.  At the time of the termination of her employment, Conahan managed a staff of 5. She also managed MedQuest's relationships with third party suppliers of services which were part of various MedQuest products.

82.  Conahan's responsibilities included certain human resources functions including but not limited to payroll, health insurance, benefits management and staff scheduling. She also managed payables and receivables and was generally responsible for maintaining the Company's cash flow.

83.  Over the years, Medquest trusted Conahan to manage the company in a manner that was consistent with defendant Stone's instructions and in the Company's best interests.

84.  Instead Conahan caused Medquest to do business with third party providers of services operated by friends of hers without regard to whether the services they provided were the best services that could be obtained for MedQuest at the best price.

85. Upon information and belief, Conahan received benefits for such arrangements including appearing prominently as an employee on the website homepage of the supplier to which Conahan referred MedQuest's work.

86. In the course of her responsibilities, Conahan made cash distributions to herself for her personal use to which she was not entitled, resulting in benefits to her at the expense of MedQuest.

87. In the course of her responsibilities, as a matter of practice, Conahan provided travel benefits to herself in excess of those to which she was entitled, resulting in benefits to her at the expense of MedQuest.

88. Conahan facilitated these activities by failing to disclose them to defendant Stone and/or by actively misrepresenting to Stone the actions she had taken allegedly for the Company's benefit.

89. In the course of her responsibilities, Conahan provided a copy of MedQuest's confidential financial statement, without MedQuest's knowledge or consent and for no purpose that benefited MedQuest, to a lawyer representing Conahan in a transaction in Florida.

90. When asked for the purpose for which she had provided MedQuest's financial statements in this manner, Conahan's lawyer refused to disclose her reasons for doing so, contending that her use of MedQuest's financial statement was protected by the attorney client privilege.

91. Upon information and belief, in the course of the transaction, Conahan misrepresented her role at MedQuest and/or Medquest's purported obligations to Conahan for the likely purpose of facilitating the transaction.

92. Upon information and belief, the acquisition occurred resulting in a significant benefit to Conahan.

93. Upon information and belief, Conahan's repeated efforts on her own behalf while managing operations at MedQuest and at the expense of the Company described herein, and not disclosed to Stone, amounted to a pattern and practice permitting the inference that Conahan engaged in other such practices for her own benefit and at the expense defendant MedQuest.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST CONAHAN

94. Repeats and realleges paragraphs 80 through 93 above as though fully set forth herein.

95. By reason of the foregoing, Conahan breached her fiduciary duties of, inter alia, care, good faith, and loyalty she owed to MedQuest.

96. As a result, Medquest has suffered damage.

### AS AND FOR A SECOND COUNTERCLAIM AGAINST CONAHAN

97. Repeats and realleges paragraphs 80 through 93 above as though fully set forth herein.

98. Conahan engaged in conduct which enriched herself at the expense of MedQuest.

99. It would be against equity and good conscience to permit Conahan to retain the amounts taken for her own benefit.

**WHEREFORE**, MedQuest demands judgment against Conahan dismissing the complaint and awarding, costs, including attorneys fees, to defendants and granting to MedQuest judgment on its counterclaims against Conahan for breach of fiduciary duty and unjust enrichment and awarding MedQuest damages and/or restitution in an amount to be determined at trial.

Dated: New York, NY
April 24, 2020

Respectfully submitted,

EGAN LAW FIRM

By: *[signature]*
Susan B. Egan, Esq.
805 Third Avenue
New York, NY 10022
Tel: 212-619-8456
Fax: 646-417-7977
segan@eganlawfirm.com

ATTORNEYS FOR DEFENDANTS
MEDQUEST, LTD., LESLIE INZUNZA,
and ELLIOT STONE

## CERTIFICATE OF SERVICE

    The undersigned who is over the age of 18 years of age and not a party to the action served the within **ANSWER FOR DEFENDANTS AND COUNTERCLAIMS** upon counsel for plaintiffs via ECF on April 24, 2020.

                                          */s/Sherika Sterling*
                                          Sherika Sterling