```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CINDY CONAHAN,                                                   :
                                                                 :
                            Plaintiff,                           :
                                                                 :          20-cv-1325 (LJL)
              -v-                                                :
                                                                 :          ORDER
MEDQUEST LTD, et al.,                                            :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2021

LEWIS J. LIMAN, United States District Judge:

Defendants and Counterclaim-Plaintiffs MedQuest LTD ("MedQuest"), Leslie Inzunza, and Elliot Stone move, pursuant to Fed. R. Civ. P. 26, to compel answers to interrogatories and document requests by Plaintiff Cindy Conahan. Dkt. No. 17. By Order of January 19, 2021, the Court directed the parties to meet and confer to attempt to narrow the issues in dispute and to subject a joint letter on or before February 9, 2021, outlining the remaining disputes by request number, with each side presenting a short argument stating that side's position. Dkt. No. 19; *see also* Dkt. Nos. 20-21. The parties have now done so. Dkt. No. 22. This Order states the Court's rulings on the matters under dispute. Where the objection to production is based on relevance, the Court's rulings reflect its opinions regarding relevance.

**Document Request No. 3.** Granted in part. Plaintiff shall produce all bank statements in her name from 2013 to October 2019 (two months after the date of the termination of Plaintiff's employment) reflecting the deposit of checks or funds from accounts entitled Medquest and/or Record Reform.

**Document Request No. 4.** Denied. The Court deems this dispute to be moot insofar as Plaintiff represents that she has produced all responsive documents in her custody, possession or

control.  Medquest may renew its motion to compel should it be able to present evidence that Plaintiff is withholding responsive documents.

**Document Request No. 10.**  Granted in part.  Plaintiff is ORDERED to conduct a reasonable search for all responsive documents in her possession, custody or control, including for emails and other electronic documents and produce all responsive documents within seven (7) days of the date of this Order.  To the extent that Plaintiff is withholding responsive tax returns or return information (whether or not she files jointly with her husband), Plaintiff shall produce such returns or return information or move by letter-motion for a protective order to withhold such documents (citing specific case law) within seven (7) days of the date of this Order.

**Document Request No. 14.**  Denied.  Plaintiff represents she has had no other income since the end of her employment with MedQuest, other than unemployment, pandemic assistance, and social security, which are not deducted from backpay awards.

**Interrogatory No. 5.**  Granted.  Plaintiff's argument that the interrogatory is outside the scope of S.D.N.Y. Local Rule 33.3(a) is without merit.  The interrogatory seeks to identify relevant witnesses.  The Court's ruling is without prejudice to any subsequent motion by Plaintiff to quash a subpoena to a pharmacy.

**Interrogatory No. 10.**  Denied.  The interrogatory exceeds the scope of relevant information pursuant to Fed. R. Civ. P. 26 and is not proportional to the needs of the case.

To the extent the Court has granted the motion to compel, Plaintiff shall produce the responsive documents and/or answers to interrogatories within seven (7) days of the date of this Order.

MedQuest also seeks an extension of the January 16, 2021 date for the completion of fact discovery. The parties previously submitted a joint request for an extension of discovery, Dkt. No. 14, which the Court denied for failure to show good cause, Dkt. No. 15. Good cause has now been shown. Plaintiff responded to MedQuest's requests for production of documents and interrogatories on November 24, 2020 and November 30, 2020, respectively. *See* Dkt. Nos. 16-1, 16-2. Since then, the parties have been meeting and conferring regarding discovery and briefing the discovery dispute before the Court. The Court will sign the proposed Case Management Plan submitted at Dkt. No. 14-1.

SO ORDERED.

Dated: February 16, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge