```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CINDY CONAHAN,                                                   :
                                                                 :
                              Plaintiff,                         :
                                                                 :           20-cv-1325 (LJL)
            -v-                                                  :
                                                                 :              ORDER
MEDQUEST LTD, et al.,                                            :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2021

LEWIS J. LIMAN, United States District Judge:

As this Court invited, Plaintiff moves for a protective order, permitting her to withhold joint tax returns she files jointly with her husband in response to Defendants' document requests. Dkt. No. 25.

Courts in this Circuit apply a stringent test to a request for production of tax returns. "In order for a requesting party to prevail on a motion to compel the production of tax returns, whether corporate or personal, the requesting party must satisfy a two-prong test: (1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008) (citing cases); *see also Babbitt v. Koeppel Nissan, Inc.*, 2019 WL 3296984, at *9 (E.D.N.Y. July 23, 2019).

Defendants have not satisfied that test. Assuming the tax returns are relevant, Defendants have not satisfied their burden of showing that any information sought that is relevant could not be readily obtained from a less intrusive source. Plaintiff has already provided the W-2s in her possession which she claims reflect the lost wages she suffered after she was terminated from

employment. Dkt. No. 25 at 2. She previously has represented that she has had no other income since the end of her employment with MedQuest, other than unemployment, pandemic assistance, and social security, which are not deducted from backpay awards.

Defendants argue that the tax returns may yield information in support of their counterclaims which allege that plaintiff stole money from MedQuest "to the extent she reported the income." Dkt. No. 28 at 2. Leaving aside the dubious and unsupported assumption that an alleged thief would necessarily report the proceeds of her crime, Defendants have not shown why the information sought could not be obtained from Defendants' own records, from the bank statements the Court has ordered be produced, from third parties, or from Plaintiff's deposition. S*ee Sadofsky*, 252 F.R.D. at 149 ("Depositions have also been held to constitute a less intrusive source for obtaining the information."); *Tapia v. Huaquechula Restaurant Corp.*, 2020 WL 6524393, at *1 (S.D.N.Y. Nov. 5, 2020) (granting protective order for tax return information where plaintiffs failed to establish that "there is no alternative way to secure the information sought").

The motion for a protective order to withhold Plaintiff's jointly-filed tax returns is GRANTED.

SO ORDERED.

Dated: February 23, 2021
      New York, New York

                                       LEWIS J. LIMAN
                                       United States District Judge