# KRAKOWER DICHIARA LLC
Attorneys and Counselors at Law
www.kdlawllc.com

*Michael R. DiChiara*
Member
md@kdlawllc.com
Admitted in NJ, NY, and MA

p (201) 746-0303
f (866) 417-2333

333 Bloomfield Ave, Ste. 202
Caldwell, NJ 07006

100 Church Street, 8th Floor
New York, NY 10007

March 15, 2021

<u>VIA ECF</u>
Hon. Lewis Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Conahan v. Medquest, et al.</u>
       20-cv-1325

Dear Judge Liman:

This firm represents Plaintiff in the above referenced action. Plaintiff submits this letter motion to quash a subpoena the Defendants served on Ocean First Bank, seeking Plaintiff's bank records, and for a protective order concerning Plaintiff's medical and pharmacy records. For the reasons set forth below, Plaintiff respectfully requests that the Court grant her motion in its entirety.

**THE SUBPOENA TO OCEAN FIRST BANK SHOULD BE QUASHED**

The subpoena to Ocean Frist Bank, which is attached, should be quashed because: 1) it requires the bank to comply beyond the geographical limits specified in FRCP 45 (c); and 2) is beyond the scope of discovery permitted by FRCP 26.

As an initial matter, the subpoena to Ocean First was served at 907 Route 9 South, Cape May Court House in New Jersey. The subpoena seeks production of the documents at the office of Defendants' counsel, which is 805 Third Avenue, New York, New York. According to

1

Google Maps, the distance between those two locations is either 149 miles or 153 miles[1], depending on the route taken.  Pursuant to FRCP 45 (c)(2)(a), a subpoena the may command the production of documents within 100 miles of where "the person resides, is employed, or regularly transacts business in person."  Thus, the subpoena does not comply with the geographical scope set forth in FRCP 45 (c), and the subpoena should be quashed on this basis alone.  FRCP 45 (d)(3)(A)(ii) (setting forth reasons for quashing a subpoena).

Even if the Court does not quash the subpoena on FRCP 45 grounds -- which it should -- the subpoena seeks information that is beyond the scope of FRCP 26.  The subpoena requests, overbroadly, information related to Plaintiff's accounts from 2013 to the present.  Defendants' reason as to why this information is relevant is similar to the reason the Court found unpersuasive when it granted Plaintiff's motion for a protective order concerning her tax returns -- that they think the bank statements will demonstrate evidence of Plaintiff "stealing" by transferring money from Defendants' accounts to hers. *See* Docket at # 29, which is the Court's order of February 23, 2021.  As the Court aptly noted when granting Plaintiff a protective order, Defendants can obtain this information -- if it exists -- from its own records. *Id.* Thus, not only can Defendants obtain this information from a less intrusive source, but it is also clear that Defendants are basing this subpoena on pure speculation, which is yet another basis to quash the subpoena. *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004)("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition'…" ).

Accordingly, for the reasons set forth above, the subpoena to Ocean First should be quashed.

## PLAINTIFF IS ENTITLED TO A PROTECTIVE ORDER CONCERNING HER MEDICAL AND PHARMACY RECORDS

Defendants have requested that Plaintiff sign an authorization for the release of her medical records from her primary care physician and her pharmacy.  Plaintiff refuses to sign such authorizations, and she seeks a protective order concerning these documents.  For the reasons set forth below, Plaintiff's motion for a protective order should be granted.

Here, Plaintiff has not placed her physical or mental condition at issue, as she is only claiming "garden variety" emotional distress damages.  It is well-established that when a plaintiff claims emotional distress of the garden variety type, she has not placed her medical history in issue. *Feltenstein v. City of New Rochelle*, No. 14-CV-5434 (NSR), 2018 WL 3752874, at *4 (S.D.N.Y. Aug. 8, 2018)(citations omitted).  Here, Defendants are seeking Plaintiff's records from her primary care physician and her pharmacy, and there is no justification to intrude upon Plaintiff's privacy interests in her medical history. In this regard, Plaintiff has *not* sought treatment from a psychiatrist or any other mental health professional. Indeed, Plaintiff's

---

[1] https://www.google.com/maps/dir/805+Third+Avenue,+New+York,+NY/907+S+Rte+9,+Cape+May+Court+House,+NJ+08210/@39.9061246,-75.5339969,8z/data=!3m1!4b1!4m14!4m13!1m5!1m1!1s0x89c258e2d0793eab:0xf669d3e19f5bb881!2m2!1d-73.9705623!2d40.7554247!1m5!1m1!1s0x89c0aed48d0192ab:0x2b2747f345d2f063!2m2!1d-74.8318423!2d39.0677898!3e2

allegations of emotional distress are similar to those that other courts in this District have held can be substantiated by Plaintiff's testimony, through which she can describe her injury in vague or conclusory terms, and they also lack the extraordinary circumstances warranting support by any medical collaboration.  *Id.* at * 5.  Thus, Defendants are not entitled to this highly confidential information.  *See Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14CV8787ALCDJF, 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016)(denying defendant access to plaintiff's medical records where plaintiff was claiming garden variety emotional distress).

   Accordingly for the reasons set forth above, Plaintiff's motion for a protective order should be granted.

                  Respectfully submitted,

                  *Michael R. DiChiara*

                  Michael R. DiChiara

cc: All counsel of record (via ecf)

---

The motion for a protective order is DENIED.  The information that Defendant seeks by way of subpoena is relevant and falls within the scope of Fed. R. Civ. P. 26.

SO ORDERED. 3/18/2021.

_____
LEWIS J. LIMAN
United States District Judge

3