UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY CONAHAN, <br><br> Plaintiff, <br><br> - against - <br><br> MEDQUEST, LTD., LESLIE INZUNZA, and ELLIOT STONE <br><br> Defendants. <br><br> MEDQUEST, LTD., LESLIE INZUNZA, and ELLIOT STONE, <br><br> Counterclaim-Plaintiffs, <br><br> - against - <br><br> CINDY CONAHAN <br><br> Counterclaim-Defendant. | 20-CV-1325 <br><br> **JOINT PRETRIAL ORDER** |

The parties, plaintiff CINDY CONAHAN ("Plaintiff"), by her attorneys, KRAKOWER DICHIARA LLC, and defendants MEDQUEST, LTD. ("MedQuest"), LESLIE INZUNZA ("Inzunza"), AND ELLIOT STONE ("Stone")(collectively "Defendants"), by their attorneys, BOND, SCHOENECK, & KING as for their Joint Pretrial Order set forth as follows:

## I.     The full caption of the action

The full caption of the case (the "Action") is set forth above.

## II.     The names, addresses (including firm names), and telephone and fax numbers of trial counsel

**For Plaintiff:**

Michael R. DiChiara
Krakower DiChiara LLC

333 Bloomfield Avenue
Suite 305-4
Caldwell, NJ 07006
Ph: (201) 746-0303
Fx: (347) 765-1600
md@kdlawllc.com

Andy Dwyer
The Dwyer Law Firm, L.L.C.
550 Broad Street, Suite 704
Newark, New Jersey 07102
Ph: (973) 242-3636
Fx: (973) 242-3399 (fax)
andy@thedwyerlawfirm.com


**For Defendants:**

Louis P. DiLorenzo
Mallory A. Campbell
Bond, Schoeneck & King, PLLC
600 Third Avenue, 22nd Floor
New York, New York  10016-1915
Telephone:  (646) 253-2300
dilorel@bsk.com
mcampbell@bsk.com

**III.    A brief statement by Plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

**Plaintiff's Statement:** This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.


**Defendant's Statement:** Defendants do not dispute the presence of subject matter jurisdiction with respect to all claims by both Plaintiff since diversity is present and the amount in controversy exceeds $75,000.  This Court also has subject matter jurisdiction with respect to Defendants claims against Plaintiff since diversity is present and the amount in controversy exceeds $75,000.

**IV.     A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.**

### A. Plaintiff's Summary:

Plaintiff's claims to be tried are those of age discrimination and retaliation pursuant to New York State Human Rights Law, Executive Law § 296, et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq. ("NYCHRL").  Plaintiff previously asserted claims of gender discrimination pursuant to the NYSHRL and NYCHRL, and those claims were dismissed via the Court's Order of November 7, 2022. Plaintiff denies all the allegations in Defendants' counterclaim.

### B. Defendant's Summary:

1. Plaintiff's claims of age discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.* are without merit.

2. Plaintiff has failed to state a claim against Defendant Inzunza because she was not an employee of MedQuest at any time during Plaintiff's employment with MedQuest.

3. Plaintiff's claims fail since the same person who hired her, Defendant Stone, is the same person who terminated her employment.

4. Plaintiff's claims of age discrimination fail because Plaintiff cannot demonstrate a prima facie age discrimination claim since Plaintiff cannot demonstrate any connection between the allegedly discriminatory conduct and her termination.

5. Plaintiff's claims of age discrimination fail because Plaintiff only alleged one stay remark that is allegedly discriminatory and is thus insufficient to raise an inference of discriminatory motive.

6. Plaintiff's claims of age discrimination fail because the only allegedly discriminatory remark was made by a non-employee consultant who did not make the decision to terminate Plaintiff.

7. Plaintiff's claims of age discrimination fail because the decisionmaker who terminated Plaintiff's employment, Defendant Stone, was in the same protected class of persons over 40 years of age as Plaintiff.

8.  Plaintiff's claims of age discrimination fail because all actions taken by Defendants regarding Plaintiff's employment were for legitimate, non-discriminatory reasons unrelated to Plaintiff's age and/or other protected classifications. Such reasons include, but are not limited to, unsatisfactory job performance, Plaintiff's behavior towards others, multiple confrontations Plaintiff had with employees over the prior few years, and Plaintiff's outburst with Defendant Inzunza.

9.  Plaintiff's claim of retaliation fails since Plaintiff did not engage in any protected activity to support her retaliation claim.

10. Plaintiff's damages are limited by evidence acquired after the termination of her employment of misconduct during her employment of sufficient severity to justify the termination of her employment.

11. Plaintiff's claims of age discrimination further fail because Plaintiff cannot establish that Defendants' legitimate, non-discriminatory reasons for terminating Plaintiff's employment were pretextual.

12. Plaintiff is also not entitled to recover damages. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize her alleged damages. Moreover, Plaintiff cannot establish that she is entitled to punitive damages. Defendants acted reasonably and in good faith towards Plaintiff regarding all aspects of her employment and termination.

<u>Defenses Previously Asserted by Defendants Which are Not to be Tried</u>:

1.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.
2.  Plaintiff failed to exhaust her administrative remedies.

### C. Defendants' Summary Regarding their Counterclaim

Defendants' counterclaim for breach of fiduciary duty is based upon Plaintiff's embezzlement and misappropriation of funds from Defendants.

### D. Plaintiff's Summary Regarding Defendants' Counterclaim

Plaintiff denies all the allegations concerning Defendants' counterclaim, and asserts that Defendants did not suspect or investigate any purported bad actions by Plaintiff until after Plaintiff asserted claims of discrimination and retaliation.

**V.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

**Plaintiff's Position:** This matter is to be tried with a jury. Plaintiff anticipates the trial will take 3-5 days to complete.

**Defendants' Position:** This matter is to be tried with a jury. Defendants anticipates the trial will take 3-5 days to complete.

**VI.    A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection.**

Plaintiff Cindy Conahan ("Plaintiff") filed a complaint against MedQuest, LTD. ("MedQuest"), Leslie Inzunza ("Inzunza"), and Elliot Stone ("Stone") (collectively, "Defendants"), asserting claims for age discrimination and retaliation in violation of the New York State Human Rights Law, Executive Law § 296, *et seq.* ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL"). Defendants have asserted a counterclaim for breach of fiduciary duty against Plaintiff.  Defendants hired Plaintiff as an office manager in 1991, and Defendants terminated her employment on August 8, 2019.

**VII.    A list of people, places, and institutions that are likely to be mentioned during the court of the trial, to be read to potential jurors during jury selection.**

1.    Cindy Conahan
2.    Eliot Stone
3.    Leslie Inzunza
4.    MedQuest, LTD.
5.    Ron Winkler
6.    Peter Galucci
7.    Christine Rose
8.    Carolyn Fink
9.    Glen Eagle
10.    Leslie Silver & Associates Employment Agency
11.    KVLSM

**VIII.    A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The parties do not consent to a trial of the case by a Magistrate Judge.

**IX.**  **A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require and interpreter, and a brief summary of the substance of each witness's testimony.**

### A. Plaintiff's Statement

1. Cindy Conahan, who will testify in person.
   Plaintiff will testify about her employment with Defendants; the discrimination and retaliation that she experienced; the damages that she suffered; and claims in defenses in the Complaint and Counterclaim.
2. Eliot Stone, who will testify in person.
3. Leslie Inzunza, who will testify in person.
4. Peter Galucci, who will testify in person.
   Mr. Galucci will testify about his work with Defendants; the accounting practices of Defendants; his interactions with Plaintiff and Defendants; and claims and defenses in the Complaint and Counterclaim.
5. Christine Rose, who will testify in person.
   Ms. Rose will testify about her employment with Defendants and her interactions with Plaintiff and Defendants, and claims and defenses in the Complaint and Counterclaim.
6. Carolyn Fink, who will testify in person.
   Ms. Fink will testify about her employment with Defendants and her interactions with Plaintiff and Defendants, and claims and defenses in the Complaint and Counterclaim.
7. Any witness(es) Defendants identified in this JPTO or any amendment thereto.
8. Any witness(es) Defendants call to testify at trial.

### B. Defendants' Statement

Defendants provide the following list of witnesses to be offered in their case-in-chief subject to the following reservation of rights: (i) Defendants reserve the right not to offer the testimony of any designated witness; and (ii) Defendants reserve the right to offer live or deposition testimony, where authorized by FRCP 32, of any other Party or any witness designated by any other party.

Defendants intend to offer the testimony of the following witnesses in their case-in-chief:

(1)  <u>Cindy Conahan:</u> Ms. Conahan is a party witness and will testify in person regarding, *inter alia*, her employment at MedQuest, her termination, and claims and defenses to the Complaint and Counterclaim.

(2)  <u>Elliot Stone:</u> Mr. Stone is a party witness and will testify in person regarding, *inter alia*, MedQuest's business, MedQuest's policies, the job duties of Plaintiff, Plaintiff's employment and job performance, the termination of Plaintiff's employment, and claims and defenses to the Complaint and Counterclaim..

(3)     <u>Leslie Inzunza</u>: Ms. Inzunza is a party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performances, and claims and defenses to the Complaint and Counterclaim..

(4)     <u>Ron Winkler</u>: Mr. Winkler is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint and Counterclaim..

(5)     <u>Peter Gallucci</u>: Mr. Gallucci is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint and Counterclaim..

(6)     <u>Peter Pawelczak</u>: Mr. Pawelczak is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint and Counterclaim..

(7)     <u>Ryan Hillario</u>: Mr. Hillario is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint and Counterclaim..

(8)     <u>Leo Fox Dunn</u>: Mr. Dunn is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint and Counterclaim.

(9)     <u>Erich J. Speckin</u>: Mr. Speckin is a non-party witness and will testify in person regarding, *inter alia*, his position and his retention by Ms. Inzunza, and claims and defenses to the Complaint and Counterclaim..

(10)    <u>Representative from KVLSM</u>: A representative of KVLSM will testify as a non-party witness and will testify in person regarding, *inter alia*, their review of MedQuest's accounting processes and any recommendations relating to same, and claims and defenses to the Complaint and Counterclaim..

(11)    Any witness(es) Plaintiff lists in this JPTO or any amendment thereto; and

(12)    Any witness(es) Plaintiff calls to testify at trial.

**X.     A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party.**

**<u>Plaintiff's Designations</u>:** Plaintiff anticipates that all witnesses will testify in person.  If one or more witnesses is unable to testify in person, Plaintiff reserves the right to offer all or some of the following deposition testimony as Exhibits at trial in her case-in-chief:

1.  Deposition of Plaintiff, from December 10, 2021 and March 21, 2022.
2.  Deposition of Eliot Stone, from March 30, 2022.
3.  Deposition of Leslie Inzunza, from March 20, 2022.

**<u>Defendant's Designations</u>:** Defendants anticipate that all witnesses will testify in person. If one or more witnesses is unable to testify in person, Defendants reserve the right to offer all or some of the following deposition testimony as Exhibits at trial in their case-in-chief. Defendants also reserve the right to offer all or some of the following deposition testimony for impeachment purposes.

1. Deposition of Plaintiff, from December 10, 2021 and March 21, 2022.
2. Deposition of Eliot Stone, from March 30, 2022.
3. Deposition of Leslie Inzunza, from March 20, 2022.

**XI.   A list by each party of exhibits to be offered in its case-in-chief and any objections by the adverse party.**

<u>**Plaintiff's Exhibits:**</u>

Plaintiff reserves the right to offer all or some of the following Exhibits during her case-in-chief, and reserves the right to utilize any and all exhibits proffered by Defendants in their case-in-chief, as well as any additional exhibits exchanged during discovery for rebuttal purposes.

| Exh. | *DESCRIPTION* | Objection |
|------|---------------|-----------|
| 1 | Inzunza Declaration, dated July 18, 2022. | Hearsay, Irrelevant, Violates Best Evidence Rule, Improper Character Evidence, Waste of Time |
| 2 | Amended Inzunza Declaration, dated October 11, 2022. | Hearsay, Irrelevant, Violates Best Evidence Rule, Improper Character Evidence, Waste of Time |
| 3 | Second Amended Inzunza Declaration, dated October 17, 2022. | Hearsay, Irrelevant, Violates Best Evidence Rule, Improper Character Evidence, Waste of Time |
| 4 | Text messages involving Inzunza, MED 000112. | |
| 5 | Inzunza notes from meeting with Plaintiff, MED000210-211. | |
| 6 | Email from Inzunza to Stone, dated 7/31/19 MQ000073. | |
| 7 | Emails from Bryce Bird from Health Equity, dated July 27, 2022. | Hearsay, Irrelevant, Cumulative, Waste of Time, Lack of Authentication |
| 8 | Health Equity Transit Operators List | Hearsay, Irrelevant, Cumulative, Waste of Time, Lack of Authentication |
| 9 | Plaintiff's W-2's from Defendants, MED000113-116 | |

| Exh. | *DESCRIPTION* | Objection |
|------|---------------|-----------|
| 10 | Employment Agreements of Plaintiff, MED000001-7 | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |

**Defendant's Exhibits:**

| Defendants' Exhibit No. | Description | Objection(s) by Plaintiff |
|-------------------------|-------------|---------------------------|
| A. | Plaintiff's Complaint filed on February 14, 2020 (ECF No. 1) | See footnote 1. |
| B. | Defendants' Answer to Plaintiff's Complaint filed on April 24, 2020 (ECF No. 5) | See footnote 1. |
| C. | Defendants' Amended Answer and Counterclaim against Plaintiff filed on February 28, 2022 (ECF No. 61) | See footnote 1. |
| D. | Plaintiff's Amended Answer to Counterclaim filed on March 14, 2022 (ECF No. 62) | See footnote 1. |
| E. | Deposition transcripts of Plaintiff from December 10, 2021 and March 21, 2022 | See footnote 1. |
| F. | Declaration[1] of Louis P. DiLorenzo in connection with Defendants' Motion for Summary Judgment filed on June 16, 2022 (ECF No. 73) | See footnote 1. |
| G. | Declaration of Elliot Stone in support of Defendants' Motion for Summary Judgment filed on June 16, 2022 (ECF No. 74) | FRE 801 |
| H. | Defendants' Rule 56.1 Statement filed on June 16, 2022 (ECF Nos. 75-76) | See footnote 1. |
| I. | Declaration of Michael Dichiara in support of Plaintiff's Motion for Summary Judgment field on June 16, 2022 (ECF No. 78) | See footnote 1. |

---

[1] Plaintiff's general objection to pleadings and declarations of counsel is that they are inadmissible hearsay evidence, though there may be circumstances whereby they may be used for impeachment purposes.

| J. | Plaintiff's Rule 56.1 Statement filed on June 16, 2022 (ECF No. 80) | See footnote 1. |
|---|---|---|
| K. | Declaration of Elliot Stone in opposition to Plaintiff's Motion for Summary Judgment filed on July 18, 2022 (ECF No. 84) | FRE 801 |
| L. | Defendants' Counter Statement to Plaintiff's Rule 56.1 Statement filed on July 18, 2022 (ECF No. 86) | See footnote 1. |
| M. | Declaration of Michael Dichiara in opposition to Defendants' Motion for Summary Judgment filed on July 18, 2022 (ECF No. 89) | See footnote 1. |
| N. | Plaintiff's Reply Affidavit in Support of her Motion for Summary Judgment filed on August 1, 2022 (ECF No. 94) | |
| O. | Amended Declaration of Leslie Inzunza in Opposition to Plaintiff's Motion for Summary Judgment filed on October 17, 2022 (ECF No. 98) | Plaintiff listed this document as an Exhibit (3, above) and Defendants filed an objection. |
| P. | Plaintiff's 1991 Employment Agreements (Med00001-Med00004) | |
| Q. | Plaintiff's 2000 Employment Agreement (Med00005-Med00007) | |
| R. | MedQuest Employee Manual (Med00008-Med00017) | |
| S. | Letter from Dina Peterson to Plaintiff (Med00018-Med00019) | FRE 401, 402, 403, 404, 801 |
| T. | Email to Plaintiff regarding 401K loan (Med00020) | FRE 401, 402, 403, 404, 801 |
| U. | 2015 File on Plaintiff (Med00021-Med00029) | FRE 401, 402, 403, 404, 801 |
| V. | 2016 File on Plaintiff (Med00030-Med00040) | FRE 401, 402, 403, 404, 801 |
| W. | 2017 File on Plaintiff (Med00041-Med00077) | FRE 401, 402, 403, 404, 801 |
| X. | 2018 File on Plaintiff (Med00078-Med00086) | FRE 401, 402, 403, 404, 801 |
| Y. | 2019 File on Plaintiff (Med00087-Med000109) | FRE 401, 402, 403, 404, 801 |
| Z. | Email from Ryan Hilario (Med00110) | FRE 401, 402, 403, 404, 801 |
| AA. | Email with job candidate (Med00111) | FRE 401, 402, 403, 404, 801 |
| BB. | Text message from L. Inzunza (Med000112) | |
| CC. | Plaintiff's W2s 2016-2019 (Med00113-Med00116) | |
| DD. | Cash withdrawals (Med00117-Med00124) | FRE 401, 402, 403, 404, 801 |
| EE. | Checks to Voya Financial (Med00125, Med00151) | FRE 401, 402, 403, 404, 801 |
| FF. | Chase Bank statements (Med00126-Med00133) | FRE 401, 402, 403, 404, 801 |
| GG. | Plaintiff credit card statement (Med00134-Med00146) | FRE 401, 402, 403, 404, 801 |
| HH. | Checks to Pershing (Med00147-Med00149) | FRE 401, 402, 403, 404, 801 |
| II. | Check to Transit Center (Med00150) | FRE 401, 402, 403, 404, 801 |
| JJ. | Intac Actuarial Services (Med00152) | FRE 401, 402, 403, 404, 801 |
| KK. | TransitChek documents (Med00153-Med00154) | FRE 401, 402, 403, 404, 801 |
| LL. | Notes re organizational change (Med00155) | FRE 401, 402, 403, 404, 801 |

| | | |
|---|---|---|
| MM. | 401K related documents (Med00156-Med00168) | FRE 401, 402, 403, 404, 801 |
| NN. | Picture of Plaintiff on Glen Eagle website (Med00169-Med00170) | |
| OO. | Department of Health and Human Services request for employment information (Med00171) | FRE 401, 402, 403, 404, 801 |
| PP. | United Healthcare termination form (Med00172) | FRE 401, 402, 403, 404, 801 |
| QQ. | Department of Labor claimant form (Med00173-Med00175) | FRE 401, 402, 403, 404, 801 |
| RR. | Plaintiff attorney retainer agreement (Med00176-Med00179) | FRE 401, 402, 403, attorney-client privilege |
| SS. | Plaintiff warranty deed (Med00180-Med00181) | FRE 401, 402, 403, 404, 801 |
| TT. | Elliot Stone will (Med00182-Med00209) | |
| UU. | Inzunza write-up of meeting with Plaintiff (Med00210-Med00211) | |
| VV. | Audio Recording discussing MedQuest billing issue (Med00212) | FRE 401, 402, 403, 404, 801 |
| WW. | KVLSM report (with Plaintiff's mark-ups) (Med00213-Med00224) | FRE 401,402, 403, 404, 801 |
| XX. | Audio Recording regarding acquisition (Med00226) | FRE 401, 402, 403, 404, 801 |
| YY. | Excel sheets on payments to Steadfast and Callifi (Med00227-Med00228) | FRE 401, 402, 403, 404, 801 |
| ZZ. | Plaintiff's emails and documents regarding banking and furniture and other orders (Med00225, Med00229-Med00301, Med00383-Med00387, Med00430-Med00477) | FRE 401, 402, 403, 404, 801 |
| AAA. | TransitChek documents (Med00302-Med00331, Med00337-Med00370, Med00380-Med00382, Med00388-Med00414, Med00420-Med00429) | FRE 401, 402, 403, 404, 801 |
| BBB. | June 26, 2022 note regarding Plaintiff's employment and (Med00332) | FRE 401, 402, 403, 404, 801 |
| CCC. | Emails between Plaintiff and Ron Winkler (Med00333-Med000336) | FRE 401, 402, 403, 404, 801 |
| DDD. | Earning information for Plaintiff and others (Med00371-Med00374) | FRE 401, 402, 403, 404, 801 |
| EEE. | Emails and documents regarding Plaintiff's application for State of Israel Bonds (Med00375-Med00377) | FRE 401, 402, 403, 404, 801 |
| FFF. | Email regarding MedQuest phone lines (Med00378-Med00379) | FRE 401, 402, 403, 404, 801 |
| GGG. | Debit card transactions (Med00415-Med00419) | FRE 401, 402, 403, 404, 801 |
| HHH. | Documents used by handwriting expert, including Capital One new account information cards (Med00478-Med00484) | FRE 401, 402, 403, 404, 801 |
| III. | Handwriting expert report (Med00485-Med00486) | FRE 401, 402, 403, 404, 801, 701, 702,703, 704 |
| JJJ. | Carlos Fernandez Resume (Med00487-Med00488) | FRE 401, 402, 403, 404, 801 |

| KKK. | Documents subpoenaed from TransitChek (Transit00001-Transit00014) | FRE 401, 402, 403, 404, 801 |
|---|---|---|
| LLL. | Documents subpoenaed from Capital One | FRE 401, 402, 403, 404, 801 |
| MMM | Documents subpoenaed from Cape Bank | FRE 401, 402, 403, 404, 801 |
| NNN. | Documents subpoenaed from Sandra S. Thomsen including subpoena response letter | FRE 401, 402, 403, 404, 801 |
| OOO. | Documents subpoenaed from Princeton Medical Group | FRE 401, 402, 403 |
| PPP. | Documents subpoenaed from Ocean First Bank | FRE 401, 402, 403, 404, 801 |
| QQQ. | March 3, 2023 U.S. Department of Labor Letter | |
| RRR. | Profit Sharing Plan | |

Defendants also reserve the right to introduce any exhibit listed by Plaintiff, regardless of whether such exhibits are offered into evidence by Plaintiff. Defendants also reserve the right to object to any exhibit listed by Plaintiff on the grounds of relevance (FRE 401/402) and prejudice, confusion, waste of time or for other purposes (FRE 403). Should the Court determine that an exhibit is relevant, Defendants reserve the right to object to any hearsay statements (FRE 801, 802) sought to be offered by Plaintiff where the declarant is not available at trial.

## XII.   A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages.

### Plaintiff's damages

Plaintiff is seeking any and all remedies available to her statute including but not limited to:

1. Lost wages. Plaintiff's salary for her last year of employment was approximately $240,000.00.  Plaintiff was 62 at the time of her termination, and her lost wages to date are approximately $780,000.00
2. Emotional damages.  Plaintiff is seeking emotional damages pursuant to statute, the amount of which will be determined by a jury.
3. Attorney fees.  Plaintiff is seeking attorney fees pursuant to statute.  Plaintiff will also seek a multiplier if she prevails at trial.
4. Costs. Plaintiff is seeking recovery for costs that she incurred after her wrongful termination and for those incurred in pursuing her claims.
5. Miscellaneous.  Any other damages allowed by statute.

### Defendants' damages

Defendants are seeking any and all remedies available to them, including but not limited to any monies embezzled or misappropriated by Plaintiff and any compensation, including employee benefits, paid to Plaintiff pursuant to the faithless servant doctrine.

**XIII.   A statement of whether the parties consent to less than a unanimous verdict.**

      Plaintiff consent to a less than a unanimous verdict. Defendants consent to a less than a unanimous verdict.

Krakower DiChiara LLC                          Bond, Schoeneck & King, PLLC
Attorneys for Plaintiff                        Attorneys for Defendants


By:   _____          By:   _____
      Michael R. DiChiara                             Louis P. DiLorenzo
      333 Bloomfield Ave, Suite 305-4                 Mallory A. Campbell
      Caldwell, NJ 07006                              600 Third Avenue, 22nd Floor
      Ph: (201) 746-0303                              New York, New York 10016
      md@kdlawllc.com                                 Ph: (646) 253-2330
                                                      ldilorenzo@bsk.com
                                                      Mcampbell@bsk.com