UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY CONAHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDQUEST LTD., et al.,<br><br>        Defendants. | Civil Action No.: 20-cv-1325 (LJL) |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTIONS *IN LIMINE*

 

**Bond Schoeneck & King, PLLC**
600 Third Avenue, 22nd Floor
New York, New York 10016
Telephone: (646) 253-2300

i

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .................................................................................................................................. 1
   POINT I ...................................................................................................................................... 1
      FIRST MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING CERTAIN LAY WITNESSES ................................................................................................ 1
   POINT II ..................................................................................................................................... 1
      SECOND MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING DOCUMENTS OR TESTIMONY RELATED TO OTHER LAWSUITS INVOLVING DEFENDANTS ................................................................................................ 1
   POINT III .................................................................................................................................... 1
      THIRD MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING PREVIOUS DECLARATIONS OF LESLIE INZUNZA ....................................................... 1
      POINT IV ................................................................................................................................ 3
      FOURTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY ...................................................... 3
   POINT V .................................................................................................................................... 4
      FIFTH MOTION *IN LIMINE* REQUESTING THE COURT TO BIFURCATE THE PUNITIVE DAMAGES PORTION OF THE TRIAL ............................................................ 4
CONCLUSION ............................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Mugavero v. Arms Acres, Inc.*,
   680 F.Supp.2d 544 (S.D.N.Y. 2010) ................................................................................... 4

**Other Authorities**

Federal Rule of Evidence 801(d)(2)(A) ....................................................................................... 2

FRE 401 ........................................................................................................................................ 2

FRE 403 ........................................................................................................................................ 2

Rule 6(B) ....................................................................................................................................... 1

**PRELIMINARY STATEMENT**

Defendants, MedQuest, LTD. ("MedQuest"), Leslie Inzunza ("Ms. Inzunza"), and Elliot Stone ("Mr. Stone") (collectively, "Defendants"), by and through their attorneys, Bond Schoeneck & King PLLC, submit this Reply Memorandum of Law in support of their motion *in limine* seeking an Order precluding Plaintiff Cindy Conahan ("Plaintiff") from introducing certain evidence at trial in accordance with Rule 6(B) of Your Honor's Individual Rules. Defendants seek an Order:

- Precluding Plaintiff from introducing the declarations of Leslie Inzunza;
- Precluding Plaintiff from suggesting a dollar amount for damages to the jury; and
- Bifurcating the punitive damages portion of the trial.

**ARGUMENT**

**POINT I**

**FIRST MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING CERTAIN LAY WITNESSES**

Defendants have voluntarily withdrawn this motion.

**POINT II**

**SECOND MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING DOCUMENTS OR TESTIMONY RELATED TO OTHER LAWSUITS INVOLVING DEFENDANTS**

Defendants have voluntarily withdrawn this motion.

**POINT III**

**THIRD MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING PREVIOUS DECLARATIONS OF LESLIE INZUNZA**

In Defendants' Third Motion in Limine, Defendants seek to preclude Plaintiff from introducing the declarations of Ms. Inzunza. Specifically, Plaintiff seeks to introduce the following exhibits:

- Exhibit 1 – Inzunza Declaration, dated July 18, 2022;
- Exhibit 2 – Amended Inzunza Declaration, dated October 11, 2022; and
- Exhibit 3 – Second Amended Inzunza Declaration, dated October 17, 2022.

In her Opposition, Plaintiff claims that the declarations are subject to the prior inconsistent statement exception to hearsay pursuant to Federal Rule of Evidence 801(d)(2)(A). However, Defendants never made an argument that such declarations contained any hearsay statements. Defendants' argument was premised on the fact that the declarations are not relevant, and thus violates FRE 401, and that even if relevant, the declarations should be precluded pursuant to FRE 403 as the probative value of the declarations are substantially outweighed by the danger of one or more of the following: (i) unfair prejudice; (ii) confusing the issues: (iii) misleading the jury; (iv) undue delay; (v) wasting time; or (vi) needlessly presenting cumulative evidence.

Plaintiff claims that the declarations are relevant "to the jury's assessment of Defendants' intent concerning the adverse employment actions….[and] Defendants' alleged reasons for their actions." [ECF Doc. #120 at 3]. However, as explained in Defendants' moving papers, Ms. Inzunza will be testifying at trial and can be asked about any of the topics discussed in her declaration. Furthermore, Ms. Inzunza was not the decisionmaker for Plaintiff's adverse employment action. Mr. Stone was the sole decisionmaker. As such, any questions directed to Ms. Inzunza concerning the intent concerning the adverse employment action and the alleged reason for the action would not be appropriate and would be better directed to Mr. Stone.

Plaintiff also somehow claims that Ms. Inzunza's misstatement in her initial declaration is relevant to Defendants' counterclaim and that the jury could determine that Defendants are "willing to make up facts to demonize Plaintiff" and that the statement reflects "Defendants' lack of evidence related to the counterclaim." [ECF Doc. #120 at 3]. Again, despite Your Honor's Order

2

on the Parties' summary judgment motions, Plaintiff appears to attempt to circumvent this Order and make an argument that the counterclaim is baseless and should be dismissed.

Plaintiff sets forth several times that Ms. Inzunza was "not under time pressure" when she submitted her initial declaration. This is demonstrably false. There are strict deadlines for filing a motion for summary judgment. Any argument that Ms. Inzunza was not under any time pressure in submitting her initial declaration is a complete farce. Furthermore, as stated in Defendants' moving brief, Ms. Inzunza submitted the July 18th declaration in opposition of Plaintiff's motion for summary judgment. Upon discovering she had misstated a relevant fact, counsel for Defendants removed this misstatement and Ms. Inzunza submitted the October 11th declaration to amend it. However, counsel for Defendants missed one reference in the October 11th declaration that should have been removed. Thereafter, counsel for Defendants removed this reference and Ms. Inzunza submitted the October 17th declaration. The three declarations are nearly identical to each other except for this reference which was removed.

Ms. Inzunza's declarations are not relevant, and the probative value of the declarations are substantially outweighed by unfair prejudice. This is clear based on the arguments as outlined by Plaintiff as Plaintiff attempts to capitalize on an innocent mistake made by counsel for Defendants to somehow convince the jury that Defendants are willing to make up facts, and as such made up the counterclaim against Plaintiff. Such an argument is clearly prejudicial and should not be allowed to stand.

For the reasons set forth above, Defendants' Third Motion in Limine must be granted.

## POINT IV
## FOURTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY

Defendants' Fourth Motion in Limine seeks to preclude Plaintiff from suggesting a dollar for non-economic damages to the jury. In her opposition, Plaintiff concedes that she should not be

permitted from suggesting an amount for pain and suffering and punitive damages, but that she should be permitted from suggesting a dollar amount for economic damages. Defendants agree that Plaintiff should not be precluded from suggesting a dollar amount for economic damages, provided that amount is based on evidence that is "established with reasonably certainty and [] not [] based on pure speculation and conjecture." *Mugavero v. Arms Acres, Inc.*, 680 F.Supp.2d 544, 581 (S.D.N.Y. 2010).

### POINT V

### FIFTH MOTION *IN LIMINE* REQUESTING THE COURT TO BIFURCATE THE PUNITIVE DAMAGES PORTION OF THE TRIAL

Defendants' Fifth Motion in Limine seeks to bifurcate the punitive damages portion of the trial. Plaintiff does not discuss this motion in her Opposition, as such Defendants treat this motion as unopposed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Third, Fourth, and Fifth motions *in limine* and provide such other and further relief as this Court deems just and appropriate. Defendants reverse their right to file supplemental motions in limine.

Dated: New York, New York  
March 24, 2023

**BOND SCHOENECK & KING, PLLC**

_____/s/_____  
Louis P. DiLorenzo, Esq.  
Mallory A. Campbell, Esq.  
600 Third Avenue, 22nd Floor  
New York, New York 10016  
Telephone: (646) 253-2300  
*Attorneys for Defendants*