UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY CONAHAN,

                    Plaintiff,

            - against -

MEDQUEST, LTD., LESLIE INZUNZA, and ELLIOT STONE

                    Defendants.

---

MEDQUEST, LTD., LESLIE INZUNZA, and ELLIOT STONE,

                    Counterclaim-Plaintiffs,

            - against -

CINDY CONAHAN

                  Counterclaim-Defendant.

20-CV-1325

**PROPOSED VERDICT FORM**

The parties, plaintiff CINDY CONAHAN ("Plaintiff"), by her attorneys, KRAKOWER DICHIARA LLC, and defendants MEDQUEST, LTD. ("MedQuest"), LESLIE INZUNZA ("Inzunza"), AND ELLIOT STONE ("Stone")(collectively "Defendants"), by their attorneys, BOND, SCHOENECK, & KING as for their proposed Verdict Form as follows. The Parties reserve the right to modify or supplement this form on the basis of the evidence presented at trial.

**INSTRUCTIONS**: Please follow the directions provided throughout this Jury Verdict Form. Please refer to the Jury Instructions for guidance on the law applicable to each question.

1

*Plaintiff requests the following verdict form in lieu of the verdict form below proposed by the Defendants:*

## DISCRIMINATORY TERMINATION

### New York State Human Rights Law

1. Has plaintiff proven by a preponderance of the evidence that her age was a motivating factor in MedQuest's decision to terminate her employment?

Yes____    No____                                           VOTE: _____

If you answer Question 1 "yes," then proceed to Question 2.  If you answer Question 1 "no," then proceed to Question 3.

2. Have defendants proven by a preponderance of the evidence that they would have made the same decision to terminate plaintiff's employment, even if they had not been motivated by age discrimination.

Yes____    No____                                           VOTE: _____

Regardless of how you answer Question 2, proceed to Question 3.

### New York City Human Rights Law

3. Has plaintiff proven by a preponderance of the evidence that MedQuest treated her less well than other employees, at least in part, because of her age, by terminating her employment?

Yes____    No____                                           VOTE: _____

Regardless of how you answer question 3, proceed to Question 4.

## RETALIATORY TERMINATION

**<u>New York State Human Rights Law</u>**

4. Has plaintiff proven by a preponderance of the evidence that MedQuest's termination of plaintiff's employment was in retaliation for plaintiff making complaints that defendants understood to be related to her age?

Yes___ No___ VOTE:_____

Regardless of how you answer Question 4, proceed to Question 5.

**<u>New York City Human Rights Law</u>**

5. Has plaintiff proven by a preponderance of the evidence that MedQuest's termination of plaintiff's employment was, at least in part, motivated by retaliation for plaintiff opposing what she reasonably believed to be age discrimination?

Yes___ No___ VOTE:_____

If you answered "no" to Question 2, OR if you answered "yes" to either Question 3 OR Question 4 OR Question 5, then proceed to Question 6.  If you answered Question 2 "yes" and you ALSO answered Questions 3, 4 and 5 "no," then you have entered a verdict in defendants' favor on plaintiff's claims for discrimination and retaliation, and you should end your deliberations on plaintiff's claims.

## INDIVIDUAL LIABILITY

6. Has plaintiff proven by a preponderance of the evidence that defendant Elliot Stone actually participated in either the discriminatory or the retaliatory termination of plaintiff's employment?

Yes___ No___ VOTE:_____

Regardless of how you answer Question 6, proceed to Question 7.

7. Has plaintiff proven by a preponderance of the evidence that defendant Leslie Inzunza actually participated in either the discriminatory or the retaliatory termination of plaintiff's employment?

Yes___ No___ VOTE:_____

3

Regardless of how you answer Question 7, proceed to Question 8.

## DAMAGES FOR WRONGFUL TERMINATION

8. What are plaintiff's damages caused by defendants' wrongful termination of her employment?

Lost wages and benefits: $_____   VOTE:_____

Emotional distress: $_____   VOTE:_____

Regardless of how you answer Question 8, end your deliberations.

*Defendants request the following verdict form in lieu of the verdict form above proposed by the Plaintiff:*

### COUNT I – NEW YORK STATE HUMAN RIGHTS LAW – AGE DISCRIMINATION

1. Are Defendants covered by the New York State Human Rights Law?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

**If you answered YES to Question 1, proceed to Question 2. If you answered NO to Question 1, skip to Question 8.**

2. Did Plaintiff prove by a preponderance of evidence that she was a member of a protected class because of her age?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

**If you answered YES to Question 2, proceed to Question 3. If you answered NO to Question 2, skip to Question 8.**

3. Did Plaintiff prove by a preponderance of evidence that she was otherwise qualified for the position?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____  No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 3, proceed to Question 4. If you answered NO to Question 4, skip to Question 8.**

4. Did Plaintiff prove by a preponderance of evidence that she was subject to an adverse employment action?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____  No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 4, proceed to Question 5. If you answered NO to Question 4, skip to Question 8.**

5. Did Plaintiff prove by a preponderance of evidence that the adverse employment action occurred under circumstances giving rise to an inference of discrimination?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____  No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 5, proceed to Question 6. If you answered NO to Question 5, skip to Question.**

6. Did Defendants articulate a legitimate, nondiscriminatory business reason for the adverse employment action?

    *You must answer YES or NO.*

Yes (for Defendants)_____ No (for Plaintiff) _____

**If you answered YES to Question 6, proceed to Question 7. If you answered NO to Question 6, skip to Question 8.**

7. Did Plaintiff demonstrate that the proffered legitimate, nondiscriminatory business reason was not the true reason for the employment decision and that it was instead a pretext for discrimination?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) _____

**Proceed to Question 8.**

**COUNT II – NEW YORK STATE HUMAN RIGHTS LAW – RETALIATION**

8. Are Defendants covered by the New York State Human Rights Law?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) _____

**If you answered YES to Question 8, proceed to Question 10. If you answered NO to Question 8, skip to Question 12.**

9. Did Plaintiff prove by a preponderance of evidence that she participated in a protected activity known to the Defendants?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) _____

**If you answered YES to Question 9, proceed to Question 10. If you answered NO to Question 9, skip to Question 12.**

10. Did Plaintiff prove by a preponderance of evidence that she was subject to an adverse employment action?

6

*You must answer YES or NO.*

Yes (for Plaintiff) _____   No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 10, proceed to Question 12. If you answered NO to Question 10, skip to Question 12.**

11. Did Plaintiff prove by a preponderance of evidence that the adverse action would not have occurred in the absence of the retaliatory motive?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) \_\_\_\_\_

**Proceed to Question 12.**

## COUNT III – NEW YORK CITY HUMAN RIGHTS LAW – AGE DISCRIMINATION

12. Are Defendants covered by the New York City Human Rights Law?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 12, proceed to Question 13. If you answered NO to Question 12, skip to Question 16.**

13. Did Plaintiff prove by a preponderance of evidence that she was a member of a protected class because of her age?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 13, proceed to Question 14. If you answered NO to Question 13, skip to Question 16.**

14. Did Plaintiff prove by a preponderance of evidence that she was otherwise qualified for her position?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

**If you answered YES to Question 14, proceed to Question 15. If you answered NO to Question 15, skip to Question 16.**

15. Did Plaintiff prove by a preponderance of evidence that she was treated less well because of her age as compared to any co-worker(s) below the age of 40?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

**Proceed to Question 16.**

### COUNT IV – NEW YORK CITY HUMAN RIGHTS LAW – RETALIATION

16. Are Defendants covered by the New York City Human Rights Law?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

**If you answered YES to Question 16, proceed to Question 17. If you answered NO to Question 16, skip to Question 20.**

17. Did Plaintiff prove by a preponderance of evidence that she participated in a protected activity known to the Defendants?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____   No (for Defendants) _____

15722445.1 3/24/2023

**If you answered YES to Question 17, proceed to Question 19. If you answered NO to Question 17, skip to Question 20.**

18. Did Plaintiff prove by a preponderance of evidence that she was subject to an adverse employment action?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) \_\_\_\_\_

**If you answered YES to Question 18, proceed to Question 19. If you answered NO to Question 18, skip to Question 20.**

19. Did Plaintiff prove by a preponderance of evidence that that there was a causal connection between the protected activity and the adverse action?

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) \_\_\_\_\_

**Proceed to Question 20.**


### DAMAGES (IF ANY)

**If you answered YES to Questions 7, 11, 15, and/or 19 proceed to Question 20. Otherwise, proceed to signature page.**

20. What amount of back pay damages, if any, has Plaintiff proven by a preponderance of the evidence that she is entitled to receive because of Defendants' violation of the New York State Human Rights Law, and/or the New York City Human Rights Law? You should write "NONE" or indicate a dollar amount.

    _____.

9

**Proceed to Question 29.**

21. What amount of emotional distress damages, if any, has Plaintiff proven by a preponderance of the evidence that she is entitled to receive because of Defendants' violation of the New York State Human Rights Law and/or the New York City Human Rights Law? You should write "NONE" or indicate a dollar amount.

    _____

**Proceed to Question 30.**

22. Has Plaintiff proven by a preponderance of the evidence that Defendants acted maliciously, wantonly, or with reckless indifference to her legal rights.

    *You must answer YES or NO.*

    Yes (for Plaintiff) _____ No (for Defendants) _____

**If you answered YES to Question 22, proceed to Question 23. If you answered NO, skip to Question 24.**

23. If you found that Defendants acted maliciously, wantonly, or with reckless indifference and that punitive damages are warranted, what amount, if any, do you determine in your discretion to award to Plaintiff as punitive damages against Defendants? You should write "NONE" or indicate a dollar amount.

<strong><u>MITIGATION OF DAMAGES</u></strong>

**If you awarded damages to Plaintiff in response to Question 20, then proceed to Question 24. If not, skip to the signature page.**

15722445.1 3/24/2023

24. Have Defendants proven by a preponderance of the evidence that Defendant MedQuest would have terminated Plaintiff's employment relationship based on after-acquired evidence?

    *You must answer YES or NO.*

    Yes (for Defendants)_____ No (for Plaintiff) _____

**If you answered YES, you should indicate the dollar amount by which the back pay damages you awarded to Plaintiff in response to Question 20 should be reduced.**

_____

25. Have Defendants proven by a preponderance of the evidence that Plaintiff failed to mitigate her damages?

    *You must answer YES or NO.*

    Yes (for Defendants)_____ No (for Plaintiff) _____

**If you answered YES, you should indicate the dollar amount by which the back pay damages you awarded to Plaintiff in response to Question 20 should be reduced.**

_____

## SIGNATURE PAGE

You have now reached the end of the jury verdict form and should review it to ensure it accurately reflects your determinations. You should then each sign and date the jury verdict form in the spaces below and the Foreperson should notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

12

DATED: